UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-22795-CIV-O'SULLIVAN
[CONSENT]

LASCELLES GEORGE MCLEAN
and VIRGINIA MCLEAN,
    Plaintiffs,

vs.

GMAC MORTGAGE CORPORATION,
a foreign corporation,
    Defendant.
_____/

## ORDER

THIS MATTER comes before the Court on Plaintiff Virginia McLean's Motion to Stay Proceedings (DE# 106, 3/13/08).[1]  Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that Plaintiff Virginia McLean's Motion to Stay Proceedings (DE# 106, 3/13/08) is **DENIED**. The trial date and all pretrial hearings and deadlines shall remain in place.

On March 13, 2008, plaintiff Virginia McLean filed a motion seeking an indefinite stay of the proceedings due to health problems. See Plaintiff Virginia McLean's Motion to Stay Proceedings (DE# 106, 3/13/08).  The motion stated the following: "Virginia McLean is suffering from severe emotional, mental, and physical exhaustion which is so intense she is seeking emergency medical attention at Mt. Sinai Hospital." Id. at 2. Local Rule 7.6 provides that:

> A continuance of any trial, pretrial conference, or other hearing will be granted only on exceptional circumstances. No such continuance will be granted on stipulation of counsel alone. However, upon written notice

---

[1] Plaintiff Lascelles George McLean has not moved for a stay or continuance and has failed to respond to the instant motion.

> served and filed at the earliest practical date prior to the trial, pretrial conference, or other hearing, and **supported by affidavit setting forth a full showing of good cause**, a continuance may be granted by the Court.

S.D. Fla. L.R. 7.6 (emphasis added). Here, Ms. McLean has not filed any affidavits, correspondence from treating physicians or medical records to support her motion.

The defendant responded to the instant motion on March 17, 2008. See GMACM's Response to Virginia McLean's Motion to Stay Proceedings (DE# 109, 3/17/08). In its response, the defendant opposed Ms. McLean's request to stay the proceedings noting that "[n]o medical opinion, diagnosis, treatment direction or other information from any medical professional was annexed to the [instant] motion or supporting affidavit, and the [instant] motion does not even indicate the cause of the claimed medical condition." See GMACM's Response to Virginia McLean's Motion to Stay Proceedings (DE# 109, 3/17/08). Id. The defendant further noted that the plaintiffs had filed similar motions to stay or extensions of time due to hospitalizations during the bankruptcy proceedings.

On March 19, 2008, the defendant filed a letter concerning Ms. McLean's admission to Doctor's Hospital. See Notice of Filing (DE# 110, 3/19/08). The letter, dated March 17, 2008, purports to be from Doctor's Hospital but does not contain a letterhead. It states that Ms. McLean was admitted to Doctor's Hospital on March 14, 2008 and that at the time of the letter Ms. McLean was still hospitalized. The letter does not disclose any information concerning Ms. McLean's medical condition or treatment. It was signed by Ms. McLean and Barbara Rojas of the Patient & Guest Services Department. Ms. McLean did not file a reply in support of her motion.

Ms. McLean has not made a "full showing of good cause" as required by Local

Rule 7.6. Ms. McLean did not attach the requisite affidavit or any medical records, letters from treating physicians or other documents supporting her claim that she is suffering from "severe emotional, mental, and physical exhaustion" and warrants a stay of the proceedings. The only document supporting Ms. McLean's claim was filed by the defendant. It merely confirms Ms. McLean's hospitalization at Doctor's Hospital. It does not provide the Court with any information concerning Ms. McLean's medical condition.

Because the instant motion to stay is denied, the Court will proceed under the current Scheduling Order and will rule on the defendant's motion for summary judgment. The defendant filed GMACM's Motion for Summary Final Judgment (DE# 64) on January 7, 2008. The defendant's summary judgment motion has been pending for almost three months. The plaintiffs sought and were granted multiple extensions of time to respond to the motion for summary judgment. Despite these multiple extensions, the plaintiffs have been unable to file their response to the defendant's summary judgment motion. The plaintiffs have been given ample opportunities to respond to the defendant's motion. In its Order granting the last extension of time, the Court warned the plaintiffs that "[it] w[ould] not grant any further extensions since this matter must be ruled on in advance of the trial date." See Order (DE# 103, 2/28/08).

DONE AND ORDERED in Chambers at Miami, Florida, this **7th** day of April, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record

Lascelles G. McLean
Virginia McLean
216 Shadow Way
Miami Springs, Florida 33166