UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 06-22795-CIV-O'SULLIVAN

LASCELLES GEORGE MCLEAN
and VIRGINIA MCLEAN,
    Plaintiffs,

v.

GMAC MORTGAGE CORPORATION, INC.,
    Defendant.

_____/

## ORDER

THIS MATTER is before the Court on GMACM's Motion for Summary Judgment on Plaintiffs' Remaining RESPA Claims (DE# 163, 10/20/08). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that GMACM's Motion for Summary Judgment on Plaintiffs' Remaining RESPA Claims (DE# 163, 10/20/08) is **DENIED** for the reasons set forth below.

## BACKGROUND

On November 14, 2006, the plaintiffs filed the instant action against GMAC Mortgage Corporation (hereinafter "GMAC" or "defendant"). See Complaint (DE# 1, 11/14/06). The plaintiffs are proceeding pro se following the withdrawal of their counsel. See Order (DE# 36, 10/5/07). In their First Amended Complaint, the plaintiffs alleged the following causes of action against GMAC: Count I - Real Estate Settlement Procedures Act (hereinafter "RESPA") violations; Count II - Fair Debt Collection Practices Act (hereinafter "FDCPA") violations; Count III - Florida Deceptive and Unfair

Trade Practices Act (hereinafter "FDUTPA") violations; Count IV - Breach of Contract; Count V - Breach of Fiduciary Duty; Count VI - Fraud; Count VII - Negligence and Count VIII - Injunctive and Declaratory Relief. See First Amended Complaints (DE# 54, 12/12/07).  On May 2, 2008, this Court granted summary judgment in favor of GMAC on all the plaintiffs' claims except those relating to two letters the plaintiffs characterize as qualified written requests under RESPA. See Order (DE# 131, 5/2/08).

On October 20, 2008, GMAC filed the instant Motion for Summary Judgment on Plaintiffs' Remaining RESPA Claims (DE# 163, 10/20/08). In response, the plaintiffs filed Plaintiffs' Joint Motion in Opposition to Final Summary Judgment (DE# 177, 11/6/08),[1] the Affidavit of Lascelles George McLean and Virginia McLean (DE# 178, 11/6/08) and the Affidavit of Al Feuer Regarding Qualified Written Letter of Request (DE# 179, 11/6/08). The defendant filed its reply on November 12, 2008. See GMACM's Amended Reply Memorandum of Law in Support of its Motion for Summary Judgment on Plaintiffs' Remaining RESPA Claims (DE# 181, 11/12/08).[2]  On December 10, 2008, GMAC filed a notice of supplemental authority in support of its summary judgment motion. See Notice of Filing (DE# 192, 12/10/08).

---

[1] Although this document is captioned as a motion, the only relief sought by the plaintiffs is for the Court to deny the defendant's motion for summary judgment. As such, the Court will treat this document as the plaintiffs' response to the defendant's motion for summary judgment and not as an independent motion.

[2] GMAC filed its initial reply (DE# 180) on November 10, 2008.

## **FACTS**

The facts in this case are set forth in the Court's Order (DE# 131, 5/2/08) granting in part and denying in part GMAC's initial motion for summary judgment (DE# 64, 1/7/08). The facts pertinent to the instant motion are the following.

On December 8, 2004, GMAC sent a letter from GMAC's Horsham, PA address to the plaintiffs' bankruptcy trustee advising her that, effective February 1, 2005, the plaintiffs' mortgage payments would more than double, from $1,674.84 to $3,923.60. In response, the plaintiffs sent a letter to GMAC on December 15, 2004 to GMAC's Horsham, PA address contesting the increased payments. The letter stated, in part, the following:

> We believe that your servicing records are inaccurate because according to our records we are and have been current with escrow payments as per the Bankruptcy Plan. Please review and revise our account accordingly, Also, please send us the following: history of the account, detailed escrow analyses of the account beginning with January 1, 2000 thu February 1, 2005. Also, please identify those portions of the "increased escrow funds" that are attributable to late charges, fines, and/or penalties. We additionally request an explanation why, as servicer of the account, you did not notify us of the escrow shortage in a timely manner.

GMAC denies receiving this letter.

The plaintiffs sent a second letter dated February 14, 2005. See First Amended Complaint at ¶ 44; Appendix at 87 (DE# 64, 1/7/08). This letter was sent to GMAC, care of GMAC's counsel, and requested that GMAC provide the following information: (1) a detailed explanation for the requested increase in the plaintiffs' mortgage payments; (2) the date when the delinquency began to accrue; (3) specific amounts for all fines, penalties and late fees included in the delinquency and (4) the reasons GMAC failed to give the plaintiffs timely notice of the delinquencies. On February 25, 2005, GMAC

3

received a copy of the plaintiffs' February 2005 letter from its bankruptcy counsel. On March 9, 2005, GMAC sent a four sentence letter advising the plaintiffs to "disregard any payment information . . . . [and that] [t]he payments w[ould] not be adjusted due to the current status of the account." GMAC's letter did not answer any of the plaintiffs' questions concerning their escrow account.

## STANDARD OF REVIEW

The court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(c), which states, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). That is, "[t]he moving party bears 'the initial responsibility of informing the . . . [C]ourt of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323).  In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994).

Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Id. If the record presents factual issues, the Court must deny the motion and proceed to trial. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Despite these presumptions in favor of the non-moving party, the Court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the Court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-323. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-323. Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

## ANALYSIS

### A.    Qualified Written Requests

GMAC seeks summary final judgment on the plaintiffs' remaining RESPA claims which stem from two letters sent by the plaintiffs on December 15, 2004 (hereinafter "December 2004 Letter") and February 14, 2005 (hereinafter "February 2005 Letter"). Section 6(e) of RESPA requires a loan servicer, upon receipt of a qualified written

5

request, to take certain actions with respect to borrower inquiries. See 12 U.S.C. § 2605(e). Such action includes providing information requested by the borrower, conducting an investigation of the borrower's concerns, providing an explanation or clarification of the reasons the servicer believes the account is correct and, if necessary, making appropriate corrections to the borrower's account. Id. A borrower may recover "actual damages" if the loan servicer fails to comply with these provisions and statutory damages not to exceed $1,000 if there is a pattern or practice of noncompliance with RESPA by the loan servicer. Id. § 2605(f)(1)(A).

GMAC claims it is entitled to summary judgment on the plaintiffs' remaining RESPA claims because the plaintiffs "cannot present any evidence that the servicer (GMACM) received a 'qualified written request' at the location designated for receipt of written inquiries." GMACM's Motion for Summary Judgment on Plaintiffs' Remaining RESPA Claims (DE# 163 at 14, 10/20/08). The defendant reasons that "[s]ince the plain language of the [RESPA] statute provides that the duty to respond to a RESPA request only arises where a servicer has received a 'qualified written request,' and, since the McLeans can tender no evidence to support this element of their claim . . ., the Court should enter summary judgment as to the remaining RESPA claims . . . ." Id. "The fact that the McLeans claim to have placed the December 15, 2004 letter into the regular US Mail is inapposite as the very terms of the statute require proof of the actual receipt of the letter before a duty to respond arises." Id. at 15.

The Court is not persuaded by GMAC's argument. The plaintiffs have provided competent evidence that they mailed the December 2004 Letter to GMAC's Horsham, PA address. GMAC has not shown that the address on the plaintiffs' letter was incorrect

6

or that it otherwise would not have reached GMAC. A reasonable jury could infer that GMAC received the December 2004 Letter because the plaintiffs placed it in the mail. RESPA does not require that a party send a qualified written request through certified mail or by facsimile in order to prove receipt.

GMAC further argues that even if, <u>arguendo</u>, the plaintiffs could tender sufficient evidence to create a genuine issue of material fact as to whether GMAC received the December 2004 and February 2005 letters,[3] GMAC would still be entitled to summary judgment on the remaining RESPA claims because the plaintiffs did not send the letters to the address designated by GMAC for such written inquiries. GMACM's Motion for Summary Judgment on Plaintiffs' Remaining RESPA Claims (DE# 163 at 15-16, 10/20/08).

The December 2004 Letter was sent to Horsham, PA instead of the address in Waterloo, IA which GMAC claims is its designated address for sending qualified written requests. GMAC sent Mortgage Account Statements to the plaintiffs when their case was not in bankruptcy including on June 29, 2000. GMACM's Motion for Summary Judgment on Plaintiffs' Remaining RESPA Claims (DE# 163 at 5, 10/20/08). The reverse side of the Mortgage Account Statements contained the following statement: "Inquiries - General inquiries/correspondence should be mailed separately from your account payments to our office mailing address listed below." <u>Id.</u> The document then proceeded to list four separate addresses under the following headings: "General

---

[3] GMAC received a copy of the February 2005 Letter from its bankruptcy counsel on February 25, 2005. <u>See</u> GMACM's Amended Reply Memorandum of Law in Support of its Motion for Summary Final Judgment on Plaintiffs' Remaining RESPA Claims (DE# 181 at 7, 11/12/08).

Inquiries," "Insurance Policies/Bills," "Tax Bills" and "Tax Bills in PA." The Waterloo, IA address is listed under "General Inquiries." GMAC argues that the plaintiffs should have sent their December 2004 Letter and February 2005 Letter to the Waterloo, IA address because that was GMAC's designated address for receipt of written inquiries. Id. at 14.

While the Court agrees with GMAC that a loan servicer is permitted under 24 C.F.R. § 3500.21 (e) (1) to designate an address for qualified written requests, it is not clear, as a matter of law, that GMAC established such an address in its Mortgage Account Statements. Section 3500.21(e) (1) states in part: "By notice either included in the Notice of Transfer or separately delivered by first-class mail, postage prepaid, a servicer may establish a separate and exclusive office and address for the receipt and handling of qualified written requests." 24 C.F.R. § 3500.21(e)(1). Nothing in the Mortgage Account Statements indicates that the Waterloo, IA address listed under "General Inquiries" was the "separate and exclusive office and address for the receipt and handling of qualified written requests." Id. Presumably, if the plaintiffs had sent a qualified written request concerning their insurance policies or tax bills their qualified written request would have been properly mailed to Irvine, CA or Dallas, TX addresses listed in the Mortgage Account Statements, respectively. Moreover, GMAC acknowledges that from July 2000 to May 2005, the plaintiffs did not receive a Mortgage Account Statement. See Affidavit of Scott Zeitz (DE# 163-2 at 2, 10/20/08). The Court finds that the category "General Inquires" on a Mortgage Account Statement sent approximately 4 years prior to the plaintiffs' December 2004 Letter was insufficient to provide the plaintiffs with notice of an exclusive address for qualified written requests.

8

In further support, GMAC points out that on December 7, 2004, GMAC sent the plaintiffs an Initial Escrow Account Disclosure Statement (hereinafter "December 7, 2004 Statement") from GMAC's escrow analysis department located in Waterloo, IA. However, the December 7, 2004 Statement does not direct the plaintiffs to address their inquiries to a specific address.[4] GMAC sent a letter on December 8, 2004 to the plaintiffs' bankruptcy trustee from the Horsham, PA address. The plaintiffs' December 2004 Letter specifically states that it is in response to the December 8, 2004 letter and is addressed to the same Horsham, PA address. Thus, in the instant case, the plaintiffs were not required to send their December 2004 Letter to the Waterloo, IA address and GMAC was required to respond to that letter under RESPA.

With respect to the February 2005 Letter, GMAC argues that it was sent to its outside bankruptcy counsel and not the loan servicer and GMAC was not required to respond to the letter as a matter of law even if it had received it from counsel. Id. at 16. GMAC cites In re Holland, No. 04-18099, 2008 WL 4809493 (Bkrtcy. D. Mass. Oct. 30, 2008) as supplemental authority. See Notice of Filing (DE# 192, 12/10/08). In Holland, as in the instant case, the plaintiff sent a qualified written request (August 5th Letter) to the defendant's bankruptcy counsel. Unlike the instant case, the defendant's bankruptcy counsel in Holland advised the plaintiff's counsel that he could not accept the letter on behalf of the defendant and directed the plaintiff's counsel to send the letter to the defendant directly. The plaintiff's counsel subsequently sent a qualified written request directly to the defendant (September 6th Letter). The court in Holland acknowledged

---

[4] The Court was not provided with the reverse side of the December 7, 2004 Statement.

that the issue of whether a qualified written request can be sent to counsel is not settled:

> Issues abound concerning whether § 2605 (e) authorizes servicers' counsel to receive QWRs [qualified written requests] where, as here, the servicer did not establish a specific address to receive qualified written requests under 24 C.F.R. § 3500.21 (e) (1) and where the servicer did not specifically authorize its counsel to receive QWRs. These issues mutliply and mutate in the context of a bankruptcy proceeding where, as here, counsel to the servicer requested that all notices and pleadings be sent to it and filed pleadings related to the subject matter discussed in the QWR. **Resolution of these issues, however, is unnecessary because the undisputed facts establish that Debtor's counsel not only failed to object to [defense counsel's] rejection of service of the August 5th Letter but also agreed with [defense counsel] to deal directly with [the defendant], as evidenced by the September 6th Letter.**

Id. at *9 (emphasis added). Here, there is no evidence that GMAC's bankruptcy counsel advised the plaintiffs that it would not accept plaintiffs' February 2005 Letter and that plaintiffs should communicate directly with GMAC.[5] To the contrary, GMAC's bankruptcy counsel forwarded the February 2005 Letter to GMAC and GMAC received the letter on February 25, 2005.

GMAC also relies on Griffin v. Citifinancial Mortgage Co., Inc., No. 3:05cv1502, 2006 WL 266106 (M.D. Pa. Feb. 1, 2006). In Griffin, the court dismissed the plaintiffs' RESPA claims with prejudice. The plaintiffs' RESPA claims were based on a qualified written request sent by the plaintiffs' counsel to the defendants' counsel. The defendants' counsel acknowledged receipt of the qualified written request and advised

---

[5] In fact, the plaintiffs assert that they sent the February 2005 Letter to GMAC's bankruptcy counsel after they did not receive a response to their December 2004 Letter believing that GMAC had not responded to the December 2004 Letter because it was represented by counsel. See Plaintiffs' Joint Motion in Opposition to Final Summary Judgment (DE# 177 at 6, 11/6/08).

the plaintiffs' counsel that they had forwarded the qualified written request to the defendant. The plaintiffs' counsel did not receive a response from the defendant and proceeded to send two additional letters to the defendant's counsel. The plaintiffs' counsel filed a complaint against the defendant based on the three letters he sent to the defendant's counsel. The defendant moved to dismiss the complaint. The defendant argued that it had no duty to respond under RESPA because the plaintiffs' counsel sent the request to the defendant's bankruptcy attorney. The court agreed with the defendant and dismissed the plaintiffs' complaint. "Here, . . . the servicer, did not receive a request from a borrower or the borrower's agent. Rather, the servicer's outside counsel received a request from the borrower's agent. Thus, under the plain language, [the defendant] had no duty to respond under the RESPA provisions in question." Id. at *2. The Court recognizes that the facts in Griffin are similar to the facts in the instant case but is not persuaded by the reasoning in Griffin.

In In Re Payne, No. 04-06078, 2008 WL 1961489 (Bkrtcy. D. Kan. May 6, 2008), the Court "d[id] not reach the issue of whether a RESPA qualified written request may be sent to lender's counsel rather than to the lender's designated address" but noted that it was a matter of equity:

> Before an attorney is to be held accountable as an agent by virtue of a statute which does not itself pre-authorize an attorney as the lender's agent in this context, the attorney should be placed on notice that he or she is being approached in that capacity. In this case, letters sent to Defendants' counsel before the lawsuit did not identify the letters as RESPA requests. **Defendants' counsel rejected a February 20, 2004, request for a detailed accounting of Debtors' loan, referring Debtors' counsel directly to her client. Had Debtors' counsel sent qualified written requests to lender's counsel identifying them as such, and lender's counsel did not object, the issue of whether this procedure is proper under RESPA would be worth considering.**

11

Id. at * 11 (emphasis added). The Court finds that in the instant case, where there is no evidence that GMAC's bankrutpcy counsel contacted the plaintiffs and advised them to directly speak to GMAC and where GMAC's counsel forwarded the February 2005 Letter to GMAC and GMAC received the letter on February 25, 2005, summary judgment should not be granted. Although the February 2005 Letter did not expressly state it was sent under RESPA, the information contained therein was sufficient to put GMAC on notice that the plaintiffs were seeking information about their mortgage pursuant to RESPA.

GMAC also argues that the Court should disregard the February 2005 Letter because the plaintiffs had previously sent the December 2004 Letter requesting the same information:

> [S]ince the February 14, 2005 letter requested the same information alleged [by the] December 15, 2004 letter, if GMACM was somehow required to respond to the December 15, 2005 letter that it never received, then GMACM would never have been required to respond to the February 14, 2005 letter even if it had been sent and received by GMACM instead of its outside bankruptcy counsel.

Id. at 17. GMAC reasons that Congress did not intend for loan servicers to be subject to "an endless cycle of liability for declining to respond to successive letters merely restating the same disagreement." Id. (citing Cortez v. Keystone Bank, Inc., No. 98-2457, 2000 WL 536666, *10 n. 12 (E.D. Pa. May 2, 2000)). The Court finds that the instant case is different from the situation in Cortez, where the plaintiff sent at least nine letters to the loan servicer complaining of interest charges to his account,[6] and GMAC is

---

[6] The court in Cortez based its determination under the Truth in Lending Act, 15 U.S.C. § 1666 (a); 12 C.F.R. § 226.13 (h), where a failure to provide subsequent responses to each of a series of repetitive inquiries from the borrower does not constitute a pattern or

not absolved of any liability under RESPA for the February 2005 Letter simply because it did not respond to the plaintiffs' December 2005 Letter. To date, GMAC has not responded to the plaintiffs' December 2004 Letter and February 2005 Letter.

**B.      Damages**

In their reply, GMAC raises the argument that it is entitled to summary judgment because the plaintiffs cannot show any evidence of harm arising from GMAC's failure to respond to the December 2004 and February 2005 Letters. See GMACM's Amended Reply Memorandum of Law in Support of its Motion for Summary Final Judgment on Plaintiffs' Remaining RESPA Claims (DE# 181 at 8, 11/12/08) (citing Sellers v. GMAC Mortgage Group, Inc., No. 08-10782, 2008 WL 4768867 (11th Cir. Nov. 2008). This argument was not raised in GMACM's Motion for Summary Judgment on Plaintiffs' Remaining RESPA Claims (DE# 163, 10/20/08). The issue of damages was raised in GMAC's subsequently filed Renewed Motion in Limine (DE# 183, 11/25/08).

As noted in Sellers, the Eleventh Circuit has "held that the grant[ing] of summary judgment on this issue of injury was procedurally improper under Federal Rule of Civil Procedure 56(b) where the defendant failed to raise the issue of injury in its motion for summary judgment and the district court failed to notify the plaintiff it would be considering the issue of injury. Sellers, 2008 WL 4768867 at * 2 (citing Imaging Business Machines, LLC v. Banctec, Inc., 459 F. 3d 1186, 1191 (11th Cir. 2006)). In Sellers, the appellate court concluded that the district court did not err in granting

---

practice and acknowledged that there was no parallel provision under RESPA. Cortez, 2000 WL 536666 at *10 n. 12.

13

summary judgment for the defendant because the plaintiff "failed to do anything more than state that if given the chance he w[ould] itemize his damages." Id. at *3. Here, GMAC did not raise plaintiffs' alleged inability to prove damages as a basis for summary judgment in GMACM's Motion for Summary Judgment on Plaintiffs' Remaining RESPA Claims (DE# 163, 10/20/08). Thus, the plaintiffs did not have sufficient notice that damages would be an issue in responding to GMAC's summary judgment motion. The Court finds that the plaintiffs are entitled to the opportunity to respond to GMAC's claim that the plaintiffs cannot establish damages as a matter of law. The Court will provide the plaintiff with this opportunity at the December 18, 2008 final pretrial conference. In light of the procedural posture of this issue, the Court finds that summary judgment should not be granted on damages but expects the plaintiffs to address the damages issue at the final pretrial conference.

Based on the foregoing, it is

ORDERED AND ADJUDGED that GMACM's Motion for Summary Judgment on Plaintiffs' Remaining RESPA Claims (DE# 163, 10/20/08) is **DENIED**. It is further

ORDERED AND ADJUDGED that GMAC shall **promptly** serve via email a copy of this Order on the plaintiffs and file a notice of compliance with the Court.

DONE AND ORDERED in Chambers at Miami, Florida this **16th** day of December, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record

Copies mailed by Chambers to:
Lascelles & Virginia McLean, pro se
216 Shadow Way
Miami Springs, Florida 33166