UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22795-CIV-O'SULLIVAN

[CONSENT]

LASCELLES GEORGE MCLEAN
and VIRGINIA MCLEAN,

                       Plaintiffs,

vs.

GMAC MORTGAGE CORPORATION,
a foreign corporation,

                       Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the issue of damages raised in GMAC's

reply memorandum in support of summary judgment. See GMACM's Amended Reply

Memorandum of Law in Support of its Motion for Summary Final Judgment on Plaintiffs'

Remaining RESPA Claims (DE# 181 at 8, 11/12/08) (citing Sellers v. GMAC Mortgage

Group, Inc., No. 08-10782, 2008 WL 4768867 (11th Cir. Nov. 2008)).[1] On December

16, 2008, the Court denied GMAC's second motion for summary judgment. See Order

(DE# 205, 12/16/08). However, because the damages issue was raised in GMAC's

reply brief, the Court reserved ruling on whether GMAC was entitled to summary

judgment on the issue of damages. Id. at 13 - 14.  The Court provided the plaintiffs with

an opportunity to respond to the damages argument. See Order (DE# 203, 12/16/08);

Order (DE# 209, 12/17/08). On December 30, 2008, the plaintiffs filed Plaintiffs' Joint

_____

[1]  The issue of damages was also raised in GMAC's Renewed Motion in Limine (DE#
183, 11/25/08).

Response to GMACM's Amended Reply Memorandum of Law in Support of its Motion

for Summary Judgment on Plaintiffs' Remaining RESPA Claims and GMACM's Motion

to Strike Plaintiffs' Witnesses and Exhibits (DE# 213, 12/30/08). GMAC filed its reply on

December 31, 2008. See GMACM's Reply Memorandum of Law in Support of Its

Renewed Motion in Limine and Its Motion to Strike Plaintiffs' Witnesses and Exhibits

(DE# 214, 12/31/08). On January 2, 2009, the plaintiffs filed a supplemental response

without leave of Court. See Plaintiffs' Joint Supplemental Response to GMACM's

Amended Reply Memorandum of Law in Support of Its Motion for Summary Judgment

on Plaintiffs' Remaining RESPA Claims (DE# 216, 1/2/09).[2]  The Court heard argument

on the damages issue at the final pretrial conference on January 2, 2009.

## BACKGROUND

The facts in this case are set forth in the Court's Order (DE# 131, 5/2/08)

granting in part and denying in part GMAC's initial motion for summary judgment (DE#

64, 1/7/08). The facts pertinent to the plaintiffs' surviving RESPA claim are the

following.

On December 8, 2004, GMAC sent a letter from GMAC to the plaintiffs'

bankruptcy trustee advising her that, effective February 1, 2005, the plaintiffs' mortgage

payments would more than double, from $1,674.84 to $3,923.60. In response, the

plaintiffs sent a letter to GMAC on December 15, 2004 (hereinafter "December 2004

Letter") contesting the increased payments and requesting additional information. The

---

[2] Although the plaintiffs did not seek leave of Court prior to filing their supplemental
response, the Court will consider the arguments raised therein.

letter stated, in part, the following:

> We believe that your servicing records are inaccurate because according
> to our records we are and have been current with escrow payments as per
> the Bankruptcy Plan. Please review and revise our account accordingly,
> Also, please send us the following: history of the account, detailed escrow
> analyses of the account beginning with January 1, 2000 thu February 1,
> 2005. Also, please identify those portions of the "increased escrow funds"
> that are attributable to late charges, fines, and/or penalties. We
> additionally request an explanation why, as servicer of the account, you
> did not notify us of the escrow shortage in a timely manner.

GMAC denies receiving this letter.

The plaintiffs sent a second letter dated February 14, 2005 (hereinafter

"February 2005 Letter"). See First Amended Complaint at ¶ 44; Appendix at 87 (DE#

64, 1/7/08). This letter was sent to GMAC, care of GMAC's counsel, and requested that

GMAC provide the following information: (1) a detailed explanation for the requested

increase in the plaintiffs' mortgage payments; (2) the date when the delinquency began

to accrue; (3) specific amounts for all fines, penalties and late fees included in the

delinquency and (4) the reasons GMAC failed to give the plaintiffs timely notice of the

delinquencies. On February 25, 2005, GMAC received a copy of the plaintiffs' February

2005 letter from its bankruptcy counsel. On March 9, 2005, GMAC sent a four sentence

letter advising the plaintiffs to "disregard any payment information . . . . [and that] [t]he

payments w[ould] not be adjusted due to the current status of the account." GMAC's

letter did not answer any of the plaintiffs' questions concerning their escrow account.

## **STANDARD OF REVIEW**

The Court, in reviewing a motion for summary judgment, is guided by the

standard set forth in Federal Rule of Civil Procedure 56(c), which states, in relevant

part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). That is, "[t]he moving party bears 'the initial responsibility of informing the . . . [C]ourt of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323).  In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994).

Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Id. If the record presents factual issues, the Court must deny the motion and proceed to trial. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Despite these presumptions in favor of the non-moving party, the Court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the Court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-323. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures.  Id.  As the Supreme Court noted in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-323. Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

## ANALYSIS

In the reply in support of its motion for summary judgment, GMAC raises the argument that it is entitled to summary judgment because the plaintiffs cannot show any evidence of harm arising from GMAC's failure to respond to the December 2004 and February 2005 Letters. See GMACM's Amended Reply Memorandum of Law in Support of its Motion for Summary Final Judgment on Plaintiffs' Remaining RESPA Claims (DE# 181 at 8, 11/12/08). GMAC relies on Sellers v. GMAC Mortgage Group, Inc., No. 08-10782, 2008 WL 4768867 (11th Cir. Nov. 2008). In Sellers, the appellate court concluded that the district court did not err in granting summary judgment for the defendant on the plaintiff's RESPA claim because the plaintiff "failed to do anything more than state that if given the chance he w[ould] itemize his damages." Id. at *3. GMAC argues that it is similarly entitled to summary judgment because the plaintiffs cannot prove any damages resulting from GMAC's failure to respond to the December 2004 and February 2005 Letters. See GMACM's Reply Memorandum of Law in Support of Its Renewed Motion in Limine and its Motion to Strike Plaintiffs' Witnesses and

Exhibits (DE# 214 at 7, 12/31/08).

The plaintiffs have the burden to prove damages. In re Tomasevic, 273 B.R. 682, 687 (Bankr. M.D. Fla. 2002). Even if a jury were to conclude that GMAC violated RESPA in failing to respond to the plaintiffs' December 2004 and February 2005 Letters, the plaintiffs would still have to show that damages were proximately caused by GMAC's violation of RESPA. Id.; see also In re Holland, No. 04-18099-JNF, 2008 WL 4809493, * 10 (Bankr. D. Mass. Oct. 30, 2008) (entering summary judgment in favor of defendant on plaintiff's RESPA claim where plaintiff "failed to establish any causal link between [the loan servicer's] failure to respond to the [qualified written request] and any harm."); McCutcheon v. America's Service Company, No. Civ A 06-03121-JF, 2007 WL 2287675, *2 (E.D. Pa. July 31, 2007) (entering judgment in favor of the defendant and against the plaintiff and acknowledging that while "there may have been a violation of RESPA, [p]laintiff did not claim any actual damages as a result of the violation. . . ." ); Spencer v. Hutchens, 471 F. Supp. 2d 548, 554 (M.D. N.C. 2006) (granting summary judgment for defendant where "plaintiff failed to provide any evidence that he suffered any injury of any nature" with respect to possible technical RESPA violation).

The following damages are recoverable under RESPA for a section 2605 violation: "(A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000." 12 U.S.C. § 2605(f) (1).  The Court will address these damages in turn.

**1.      Statutory Damages**

In order to recover statutory damages, the plaintiff must show "a pattern or

practice of noncompliance." 12 U.S.C. § 2605(f) (1) (B). The courts have interpreted the term "pattern or practice" in accordance with the usual meaning of the words. See In re Maxwell, 281 B.R. 101, 123 (Bankr. D. Mass. 2002) (citing Cortez v. Keystone Bank, Inc., No. 98-2457, 2000 WL 536666, *10 (E.D. Pa. May 2, 2000)). "The term suggests a standard or routine way of operating." In re Maxwell, 281 B.R. at 123; In re Tomasevic, 273 B.R. 682 (Bankr. M.D. Fla.2002) (failure to respond to one qualified written request did not amount to a "pattern or practice"); Ploog v. Homeside Lending Inc., 209 F. Supp. 2d 863, 869 (N.D. Ill. 2002) (failure to respond to qualified written requests on five occasions was sufficient to establish a pattern or practice).

In the instant case, the plaintiffs have presented evidence that GMAC did not respond to the December 2004 and February 2005 Letters. Thus, at best, a jury could conclude that GMAC violated RESPA on two occasions. The Court finds that this is insufficient to support a pattern or practice of noncompliance as required by section 2605(f). See In re Maxwell, 281 B.R. 101, 123 (Bankr. D. Mass. 2002) (finding that evidence of two RESPA violations was insufficient to support a pattern or practice). Additionally, the plaintiffs have presented no evidence of a standard or institutionalized practice of noncompliance by GMAC. See In re Holland, No. 04-18099-JNF, 2008 WL 4809493, * 11 (Bankr. D. Mass. Oct. 30, 2008) (finding no pattern or practice where plaintiff offered no documents or testimony to establish that the loan servicer had a standard or institutionalized practice of RESPA violations). As such, the plaintiffs cannot recover statutory damages as a matter of law.

## 2.    Actual Damages

Having concluded that the plaintiffs cannot show statutory damages as a matter

of law, the Court must determine whether the plaintiffs can show they suffered "actual damages" as a result of GMAC's RESPA violations. 12 U.S.C. § 2605(f) (1).

a.   **Pecuniary Damages**

The term "actual damages" is not defined by RESPA. Courts have interpreted the term "actual damages" to include pecuniary damages such as: (1) out-of-pocket expenses incurred dealing with the RESPA violation including expenses for preparing, photocopying and obtaining certified copies of correspondence, (2) lost time and inconvenience, such as time spent away from employment while preparing correspondence to the loan servicer, to the extent it resulted in actual pecuniary loss (3) late fees and (4) denial of credit or denial of access to full amount of credit line. See Rawlings v. Dovenmuehle Mortg. Inc., 64 F. Supp. 2d 1156, 1164 (M.D. Ala. 1999) (finding that the plaintiffs were entitled to recover $115.00 in actual damages for correspondence and travel and finding genuine issue of material fact as to whether the plaintiffs suffered actual damages in the amount of time taken away from work to prepare correspondence and travel to pick up registered mail); Johnstone v. Bank of America, N.A., 173 F. Supp. 2d 809, 816 (N.D. Ill. 2001) (finding that plaintiff could recover for loss of time and inconvenience provided that she could establish actual pecuniary loss); Cortez v. Keystone Bank, Inc., No. 98-2457, 2000 WL 536666, *12 (E.D. Pa. May 2, 2000) (acknowledging that if the loan servicer failed to make appropriate corrections within 60 days after receiving a qualified written request it "would be liable for any resulting damages including any denial of credit because of the reporting of such charges as delinquent to credit reporting agencies."); Hutchinson v. Delaware Savings Bank FSB, 410 F. Supp. 2d 374 (D. N.J. 2006) (recognizing that

8

denial of credit because of negative reporting to credit reporting agencies could constitute actual damages under RESPA).

### b.    Non-pecuniary Damages

There is some disagreement on whether RESPA provides for the recovery of non-pecuniary injuries such as emotional distress under "actual damages." See In re Tomasevic, 273 B.R. 682, 687 (Bankr. M.D. Fla. 2002) (finding that actual damages under section 2605 were limited to economic pecuniary injury); Ploog v. Homeside Lending Inc., 209 F. Supp. 2d 863, 870 (N.D. Ill. 2002) (holding that RESPA's actual damages provision allows for the recovery of emotional distress); Johnstone v. Bank of America, N.A., 173 F. Supp. 2d 809, 815 (N.D. Ill. 2001) (holding that actual damages under RESPA included emotional damages); Wright v. Litton Loan Servicing LP., No.05-02611-JF, 2006 WL 891030, *4 (E.D. Pa. 2006) (concluding that "actual damages" included damages for non-economic losses, such as pain, suffering and emotional distress and awarding plaintiff $25,000 in non-pecuniary damages). In the instant case, this Court has already determined that non-economic damages such as emotional distress are recoverable under RESPA. See Order (DE# 131 at 22, 5/2/08).

### 3.    Damages in the Instant Case

The Court provided the plaintiffs with the opportunity to respond to GMAC's claim that even if GMAC violated RESPA it is still entitled to summary judgment because the plaintiffs incurred no damages. On December 30, 2008, the plaintiffs filed Plaintiffs' Joint Response to GMACM's Amended Reply Memorandum of Law in Support of Its Motion for Summary Judgment on Plaintiffs' Remaining RESPA Claims and GMACM's Motion to Strike Plaintiffs' Witnesses and Exhibits (DE# 213, 12/30/08). The plaintiffs'

9

joint response contains a recitation of the lengthy history between the parties but provides the Court with no quantified damages. Instead of specific damages,  the plaintiffs' joint response lists broad generalized damages: "the defendant allowed the plaintiffs to needlessly endure years of financial hardship, emotional distress, physical pain, the destruction of their home (the Miami Springs City Engineer has condemned the McLean's home; stating it is unsafe for them to live inside the house)." Id. at 10.

The plaintiffs also attached Plaintiffs' Joint Statement of Damages (DE# 213 at 11 - 13) dated April 14, 2008 with a certificate of service dated September 25, 2008. In the joint statement of damages, the plaintiffs allege that they suffered three kinds of damages which they categorize as follows: (1) general damages, (2) special damages and (3) statutory damages. See  Plaintiffs' Joint Response to GMACM's Amended Reply Memorandum of Law in Support of Its Motion for Summary Judgment on Plaintiffs' Remaining RESPA Claims and GMACM's Motion to Strike Plaintiffs' Witnesses and Exhibits (DE# 213 at 12 - 13, 12/30/08). Under general damages the plaintiffs allege they suffered: aggravation of Mrs. McLean's preexisting psychological condition, medical expenses, physical pain and suffering by Mrs. McLean, debilitating stress, severe mental anguish and intense emotional distress, loss of consortium, invasion of privacy, humiliation, embarrassment, loss of comfort and loss of society. The plaintiffs describe general damages as those resulting from GMAC's "tortuous conduct." Id. at 12. With respect to special damages, the plaintiffs seek compensation for damages caused by the defendants wrongful withholding of hazard insurance proceeds. The plaintiffs list various medical, household and litigation expenses. Id.

The Court finds that the plaintiffs are not entitled any damages resulting from

GMAC's alleged negligence or related to the insurance proceeds. The Court has already addressed the plaintiffs' negligence and insurance proceeds claim and granted summary judgment in favor of GMAC on those claims. See Order (DE# 131, 5/2/08). The Court on numerous occasions has admonished the plaintiffs that the only remaining issues are those relating to the surviving RESPA claim.

> Under statutory damages, the plaintiffs state:

> The defendant provided negative information regarding overdue payments to credit reporting agencies within 60 days from receipt of a qualified written request in violation of section 2605 (e) (3) and as a direct and proximate cause of defendant['s] wrongful and negligent acts the plaintiffs seek statutory [damages] for each violation thereof in the amounts allowed by applicable law. Presently[,] plaintiff[s] seek[ ] statutory damages of $6,000.

Id. at 12 - 13. The Court has already determined that the plaintiffs have not established a pattern or practice and as such are not entitled to statutory damages, see supra.

In their supplemental response, the plaintiffs allege that they have incurred damages in the form of mental distress, lost time in investigating and doing legal research to prove to the bankruptcy court that GMAC's escrow account records were inaccurate and time spent prosecuting the instant action, injuries sustained in a car accident in 2006, damage to the plaintiffs' home as a result of GMAC's withholding of insurance proceedings, lost wages and employment opportunity for Mrs. McLean and damage to the plaintiffs' credit resulting in the plaintiffs' inability to refinance their mortgage. See Plaintiffs' Joint Supplemental Response to GMACM's Amended Reply Memorandum of Law in Support of its Motion for Summary Judgment on Plaintiffs' Remaining RESPA Claims (DE# 216, 1/2/09). The Court will address these damages individually.

a.      **Emotional Distress Damages**

The plaintiffs seek to recover for emotional distress. With respect to Virginia
McLean's emotional distress, the plaintiffs relate that Mrs. McLean had undergone a
year of intensive psychological counseling in 2003 due to surgery and family financial
problems prior to receiving the December 8, 2004 correspondence from GMAC which
prompted the plaintiffs to send the December 2004 and February 2005 Letters
requesting information. See Plaintiffs' Joint Supplemental Response to GMACM's
Amended Reply Memorandum of Law in Support of its Motion for Summary Judgment
on Plaintiffs' Remaining RESPA Claims (DE# 216 at 3, 1/2/09). The plaintiffs argue that
having to investigate the over $21,000 alleged escrow shortage aggravated Mrs.
McLean's preexisting psychological condition and caused her to start having emotional
problems once again. Id. at 4. According to the plaintiffs, Mrs. McLean's condition has
regressed and after more than four years of litigation, she was hospitalized, diagnosed
with severe major depression, prescribed numerous medications to control her mood
disorder and increased blood sugar levels and is presently undergoing psychological
treatment. Id.

GMAC argues that it is entitled to summary judgment on the plaintiffs' emotional
damages claim because the plaintiffs have never tendered any competent evidence of
any recoverable damages that were a direct and proximate cause of their remaining
RESPA claims. See GMACM's Reply Memorandum of Law in Support of its Renewed
Motion in Limine and its Motion to Strike Plaintiffs' Witnesses and Exhibits (DE# 214 at
2, 12/31/08). GMAC argues that "[t]he law is clear that a claim for mental distress
damages must be causally related to the alleged statutory violation at issue and must

12

also be supported by something more than the [p]laintiff's own conclusory allegations." Id. at 7.

On January 2, 2009, the Court struck the plaintiffs' experts due to the plaintiffs' failure to provide expert reports. See Order (DE# 217 at 2, 1/2/09).[3] Thus, the only available evidence to support the plaintiffs' emotional distress claim is the plaintiffs' own testimony and medical records. The Court agrees with GMAC that a causal relationship must exist between the statutory violation and the alleged harm. See Johnstone v. Bank of America, N.A., 173 F. Supp. 2d 809, 816 (N.D. Ill. 2001) (complaint alleged sufficient causal connection between RESPA violation and damages). The issue before the Court is whether the plaintiffs must present additional evidence, other than their own testimony, to support an award of non-pecuniary emotional distress damages. If the plaintiffs' lay testimony is insufficient to support their damages claim, then GMAC is entitled to summary judgment since the plaintiffs' experts have been stricken.

None of the cases cited by GMAC involve RESPA claims.[4] The plaintiffs have

---

[3] During the January 2, 2009 hearing, the plaintiffs indicated that their proposed experts were no longer responding to their inquiries. The Court has provided the plaintiffs with ample opportunity to conduct discovery and present the Court with evidence to support their claim of damages. On February 19, 2008, the Court allowed the plaintiffs until February 22, 2008 to provide a "detailed calculation of damages." See Order (DE# 84 at 1, 2/19/08). On May 23, 2008, the Court stayed the case until August 25, 2008 to allow the plaintiff to recover from medical problems and provided an extension to the plaintiffs until September 25, 2008 to exchange responses to any outstanding discovery orders and to exchange expert witness information (including expert reports) on the plaintiffs' surviving RESPA claim.  See Order (DE# 152 at, 5/23/08). The Court further extended the discovery deadline to November 24, 2008. Id.

[4] In support of its argument, GMAC cites to Riley v. Equifax Credit Info. Servs., 194 F. Supp. 2d 1239 (S.D. Ala. 2002), Crabill v. Trans Union, LLC, 259 F. 2d 662, 664 (7th Cir. 2001), Casella v. Equifax Credit Info. Servs., 56 F. 3d 469, 474 (2d Cir. 1995) , Liggett Group Inc. v. Engle, 853 So. 2d 434, 453 (Fla. 3d DCA 2003) and Johnson v. Equifax, Inc., 510 F. Supp. 2d 638, 646-648 (S.D. Ala. 2007). See GMACM's Reply

presented the Court with case law suggesting that at least in cases brought under the Fair Debt Collection Practices Act (hereinafter "FDCPA"), courts have relied on a plaintiff's lay testimony in establishing emotional damages.[5] <u>See</u> <u>In Re Hart</u>, 246 B.R. 709, 732 (Bankr. D. Mass. 2000) (awarding plaintiff $3,000 in actual damages based on the plaintiff's testimony that he was angered, frustrated and emotionally distressed by his dealings with the defendant).

GMAC has not presented the Court with any RESPA case law directly on point. The RESPA cases reviewed by the Court do not expressly address the issue raised by GMAC but seem to suggest that state law requirements to prove emotional distress may not be applicable. In <u>In re Payne</u>, 387 B. R. 614, 629 (D. Kan. 2008), the plaintiff testified that the loan servicer caused her emotional distress to the point where she became ill and sought medical treatment. The plaintiff testified that she incurred approximately $500 in medical costs over three years that the dispute continued with the loan servicer. <u>Id.</u> at 629. The court found that the loan servicer's conduct proximately caused the plaintiff emotional distress and awarded the plaintiff $500 in damages. <u>Id.</u> at 640.

In FDCPA cases, numerous courts have determined that state law evidentiary requirements for establishing damages are inapplicable:

---

Memorandum of Law in Support of its Renewed Motion in Limine and its Motion to Strike Plaintiffs' Witnesses and Exhibits (DE# 214 at 7 n. 6, 12/31/08).

[5] In the instant case, the plaintiffs had alleged a cause of action under the Fair Debt Collection Practices Act (hereinafter "FDCPA"). <u>See</u> Complaint (DE# 54, 12/12/07). On May 2, 2008, the Court granted summary judgment in favor of GMAC on the FDCPA count because it was time-barred by the statute of limitations. <u>See</u> Order (DE# 131, 5/2/08).

> Violation of any provision of the FDCPA entitles the consumer to an award of actual damages, statutory damages up to $1,000, costs and attorney's fees. 15 U.S.C. § 1692k(a). **With respect to actual damages, which may include compensation for emotional distress, state law requirements that must be proven to establish negligent or intentional infliction of emotional distress are inapplicable.** <u>See</u> <u>Teng v. Metropolitan Retail Recovery Inc.</u>, 851 F. Supp. 61, 68-69 (E.D. N.Y. 1994); <u>Donahue v. NFS, Inc.</u>, 781 F. Supp. 188, 193-94 (W.D. N.Y. 1991); <u>Smith v. Law Offices of Mitchell N. Kay</u>, 124 B.R. 182, 185 (D. Del.1991); <u>Crossley v. Lieberman</u>, 90 B.R. 682 (E.D. Pa. 1988), aff'd, 868 F.2d 566 (3d Cir.1989).

<u>In re Maxwell</u>, 281 B.R. 101, 118 (Bankr. D. Mass. 2002) (emphasis added); <u>see</u> <u>also</u> <u>Sweetland v. Stevens & James, Inc.</u>, 563 F. Supp. 2d 300, 303 - 304 (D. Me 2008) (awarding emotional distress damages to plaintiff in FDCPA case even though no documentary evidence or expert testimony was submitted); <u>In Re Hart</u>, 246 B.R. 709, 732 (Bankr. D. Mass. 2000) (accepting plaintiff's testimony that he was angered, frustrated, and emotionally distressed by defendant in awarding emotional distress damages in FDCPA case).

The damages provision in the FDCPA is similar to RESPA. <u>See</u> <u>Rawlings v. Dovenmuehle Mortg. Inc.</u>, 64 F. Supp. 2d 1156, 1166-67 (M.D. Ala. 1999) (relying on other courts' construction of damages provisions in other remedial consumer-protection statutes including FDCPA). Thus, the Court concludes that the plaintiffs may establish causation through lay testimony on their emotional distress damages under RESPA.

The Court must next determine whether the plaintiffs have presented more than mere conclusory allegations to support their claim for emotional distress. The Court has reviewed the plaintiffs' sworn deposition testimony. Mrs. McLean testified at her deposition that the December 8, 2004 letter from GMAC "initiated the fear." <u>See</u> Deposition of Virginia McLean (DE# 60-3 at 99, 12/20/07). Mr. McLean testified that

15

when he received the December 8, 2004 he "panic[ked], to begin with, knowing that [he

and Mrs. McLean] only had four months left [under the bankruptcy court's protection]."

See Deposition of Lacelles McLean (DE# 59-3 at 21, 12/20/07). Mr. McLean further

testified with respect to the February 2005 Letter as follows:

> This was a letter to the attorney because we couldn't get an answer from
> them directly. There was a letter sent to the company when this started, **it
> was like a panic letter**, because we know there is no way we could have
> gone . . . from [$]1[,]674 to [$]3[,]923.
>
> And then when we have no response from them, we sent this to the
> attorney to see if he could get a response from them for us.

Id. at 187. (emphasis added). The Court finds that this testimony alone is insufficient to

overcome summary judgment. "Support [for mental distress damages] can come from

the surrounding circumstances or other 'evidence of genuine injury, such as the

evidence of the injured party's conduct and the observations of others.'" Riley v. Equifax

Credit Info. Servs., 194 F. Supp. 2d 1239, 1245 (S.D. Ala. 2002) (citing Cousin v. Trans

Union Corp., 246 F. 3d 359, 371 (5th Cir. 2001) (finding that generalized testimony that

plaintiff felt very upset and trapped was legally insufficient to establish emotional

distress damages under the FCRA)). The plaintiffs' deposition testimony that the

December 8, 2004 letter caused them to panic is insufficient and the plaintiffs have

failed to present the Court with other evidence through affidavits or sworn testimony

from witnesses supporting their emotional distress claim.

### b.    Lost Time

The plaintiffs claim that they have been damaged because of lost time spent

investigating and doing legal research to prove to the bankruptcy court that GMAC's

escrow account records were inaccurate and time spent prosecuting the instant action.

See Plaintiffs' Joint Supplemental Response to GMACM's Amended Reply
Memorandum of Law in Support of its Motion for Summary Judgment on Plaintiffs'
Remaining RESPA Claims (DE# 216 at 2, 1/2/09). According to Mrs. McLean she has
had to educate herself in the law to prosecute the instant case. "Without just a basic
knowledge of the law, Mrs. McLean has had to dedicate her time and energy to learning
how to do legal research, write and respond to motions, and present arguments before
the court." Id. at 3.

      The Court recognizes that under RESPA a plaintiff can recover for out-of-pocket
expenses incurred in dealing with the RESPA violation including expenses for
preparing, photocopying and obtaining certified copies of correspondence. See
Rawlings v. Dovenmuehle Mortg. Inc., 64 F. Supp. 2d 1156, 1164 (M.D. Ala. 1999).
However, the plaintiffs have failed to quantify such damages. See Sellers v. GMAC
Mortgage Group, Inc., No. 08-10782, 2008 WL 4768867 (11th Cir. Nov. 2008) (granting
summary judgment for defendant on plaintiff's RESPA claim where plaintiff failed to
quantify damages for the Court).

      The Court notes that the plaintiffs attached spreadsheets to their Plaintiffs' Joint
Response to GMACM's Amended Reply Memorandum of Law in Support of its Motion
for Summary Judgment on Plaintiffs' Remaining RESPA Claims and GMACM's Motion
to Strike Plaintiffs' Witnesses and Exhibits (DE# 213, 12/30/08) which appear to include
entries for research, mileage and tolls for attending hearings. However, the plaintiffs'
prosecution of the bankruptcy case and the instant case are not expenses incurred in
dealing with the RESPA violations. Moreover, many of the abbreviations used by the
plaintiffs are not self-explanatory and the generalized research entries do not allow the

Court to determine whether any of the research entries relate to the RESPA violations.

### c.    Car Accident

The plaintiffs further seek to recover for damages for a car accident in October 2006 wherein Mrs. McLean was injured while traveling to do research on the bankruptcy case. See Plaintiffs' Joint Supplemental Response to GMACM's Amended Reply Memorandum of Law in Support of its Motion for Summary Judgment on Plaintiffs' Remaining RESPA Claims (DE# 216 at 4, 1/2/09). The Court finds that damages resulting from the car accident are not compensable in the instant case. There is no causal connection between GMAC's failure to respond to the plaintiffs' December 2004 and February 2005 Letters and a car accident that occurred over a year later. See In re Holland, No. 04-18099-JNF, 2008 WL 4809493, * 10 (Bankr. D. Mass. Oct. 30, 2008) (plaintiff failed to establish any casual link between the loan servicer's failure to respond to the qualified written request and any harm).

### d.    Damage to Plaintiffs' Home

The plaintiffs also seek to recover for damage to their home as a result of GMAC's alleged failure to tender insurance proceeds and GMAC's alleged breach of the mortgage contract. See Plaintiffs' Joint Supplemental Response to GMACM's Amended Reply Memorandum of Law in Support of its Motion for Summary Judgment on Plaintiffs' Remaining RESPA Claims (DE# 216 at 4, 1/2/09). The plaintiffs have not shown a causal link between these damages and GMAC's failure to respond to the December 2004 and February 2005 Letters.[6] The insurance claims issue first arose in

---

[6] In their supplemental response, the plaintiffs attempt to relitigate issues raised in GMAC's first motion for summary judgment including the insurance proceeds and breach of contract issues. The Court gave the plaintiffs **ample** opportunity to respond to

March 2003 (well before the plaintiff mailed the December 2004 and February 2005

Letters), when the plaintiffs' water heater broke. <u>See</u> Order (DE# 131 at 10 - 11,

5/2/08). In May 2003, the bankruptcy court ordered GMAC to release the insurance

proceeds. <u>Id.</u> at 11. The plaintiffs made another insurance claim in November 2005 and

a supplemental claim in May 2006 as a result of Hurricane Wilma. <u>Id.</u>  It cannot be said

that any damage to the plaintiffs' home as a result of withholding insurance proceeds

was proximately caused by GMAC's failure to investigate and respond to the December

2004 and February 2005 Letters in accordance with RESPA.

### e.   Unemployment and Lost Wages

The plaintiffs also claim that Mrs. McLean has been deprived of the opportunity

to be gainfully employed and has suffered damages in the form of lost wages as a

result of GMAC's failure to respond to the December 2004 and February 2005 Letters.

<u>See</u> Plaintiffs' Joint Supplemental Response to GMACM's Amended Reply

Memorandum of Law in Support of its Motion for Summary Judgment on Plaintiffs'

Remaining RESPA Claims (DE# 216 at 5, 1/2/09). According to the plaintiffs, "[p]rior to

having to use her time to defend her home against another foreclosure proceeding,

Mrs. McLean had been establishing a career in the health care industry. As a result of

having to spend hours investigating, researching, litigating this case and the bankruptcy

case she has been forced to forego employment opportunities." <u>Id.</u> Any award for

damages arising from Mrs. McLean's unfulfilled career opportunities would be

speculative.

---

GMAC's summary judgment motion. The Court has already granted summary judgment
in favor of GMAC on these claims. <u>See</u> Order (DE# 131, 5/2/08).

The Court recognizes that time spent away from employment to the extent it results in actual pecuniary loss is compensable under RESPA. "Actual damages encompass compensation for any pecuniary loss including such things as time spent away from employment while preparing correspondence to the loan servicer, and expenses for preparing, photocopying and obtaining certified copies of correspondence." Cortez v. Keystone Bank, Inc., No. 98-2457, 2000 WL 536666, *12 (E.D. Pa. May 2, 2000). In the instant case, there are too many variables that could have contributed to Mrs. McLean's unemployment to conclude that GMAC's failure to respond to the December 2004 and February 2005 Letters was the proximate cause of Mrs. McLean not furthering her career. Notably, during her deposition on November 2, 2007, Mrs. McLean testified that she was a self-employed master water fitness instructor and that she had been working as one for six or seven years. See Deposition of Virginia McLean (DE# 60-2 at 13, 12/20/07). Mrs. McLean later clarified that she no longer actively worked as a water fitness instructor because of a back injury she suffered as a result of a car accident in November 2006 and a torn rotator cuff. Id. at 21 - 26.

Additionally, even if the plaintiffs were to overcome their causation problem, there is no information on the record for the jury to even quantify such damages. The plaintiffs have not presented the Court with competent evidence showing the amount of money Mrs. McLean was earning at the time she sent the December 2004 and February 2005 Letters and how much time she spent preparing those letters. Thus, an award of damages as a result of Mrs. McLean's unemployment would be too speculative. See In re Payne, 387 B. R. 614, 640 (D. Kan. 2008) (finding that an award

20

of damages beyond the plaintiff's out-of-pocket expenses based on the plaintiff's inability to refinance their loan would be mere speculation and not recoverable).

### f.     Damage to Credit

The plaintiffs also allege that they have been damaged because GMAC reported the plaintiffs to the credit reporting agencies during the 60-day period following its receipt of the plaintiffs' RESPA letters. See Plaintiffs' Joint Supplemental Response to GMACM's Amended Reply Memorandum of Law in Support of its Motion for Summary Judgment on Plaintiffs' Remaining RESPA Claims (DE# 216 at 6, 1/2/09). The plaintiffs further allege that they tried to refinance their home in April 2005 but were denied credit because GMAC had reported the plaintiffs 60 to 180 days late in making their payments. Id.

In re Nosek, No. 02-46025-JBR, 2006 WL 1867096 (Bankr. D. Mass. 2006)[7] concerned an adversary proceeding wherein the plaintiff alleged that the defendant had violated RESPA in failing to respond to her qualified written request. Having granted partial summary judgment in favor of the plaintiff and against the defendant on the plaintiff's RESPA claim, the Court held a bench trial where the only remaining issue on the RESPA claim was damages. Id. at *5. At trial, the plaintiff testified that "she was

---

[7] In re Nosek was remanded in In re Nosek, 354 B.R. 331, 339 (D. Mass. 2006) because the district court found that "the [Bankruptcy] code's claim resolution process for ongoing bankruptcy proceedings trump[ed] the alternative remedial procedure found in RESPA." However, the appellate court's ruling does not affect this Court's analysis. See In re Holland, No. 04-18099-JNF, 2008 WL 4809493, * 11 (Bankr. D. Mass. Oct. 30, 2008) (citing In re Nosek favorably in determining that the plaintiff "provided no evidence to substantiate her claim that she was damaged by [the loan servicer's] failure to respond to the [qualified written request], and she submitted no evidence to rebut [the loan servicer's] contention that she did not suffer any actual damages . . . ." ).

unable to move forward with the refinancing of her home because she could not get an accurate payment history from the [d]efendant." Id. at * 3. The court concluded that the plaintiff had failed to meet her burden to show actual damages:

> No documents were offered as evidence of the proposed refinancing. No testimony was proffered refinancing was even offered; there was no evidence of the terms of a refinancing which the Plaintiff could expect to receive. The Court only heard the testimony of the Plaintiff. . . . [T]he Court is frustrated because it was not provided with any numbers upon which to calculate an award for actual damages. It is not the Court's obligation "to sift through multifarious documents and testimony in an effort to congregate those facts which are necessary to establish a party's action or defense" or damages . . . although the Court notes it spent an extraordinary amount of time reviewing all of the evidence in an effort to discern a basis for an award of damages under this count. **On the current record any award of damages based in the Plaintiff's inability to refinance her loan on more favorable terms would be mere speculation as would any assumptions about any out-of-pocket costs the Plaintiff incurred.** The Court cannot base an award upon mere speculation.

Id. at *6 (citations omitted) (emphasis added). Here, the plaintiffs' denial of credit claim suffers from the same infirmities as the plaintiff's in Nosek.

The Court concludes that negative reporting to the credit agencies alone is insufficient to establish damages. See Johnstone v. Bank of America, N.A., 173 F. Supp. 2d 809, 817 (N.D. Ill. 2001) (on motion to dismiss finding that "because [the plaintiff] ha[d] not alleged that any credit reporting agency that received her information from the Bank reported that information to any third party, . . . her claim for damage to her credit rating d[id] not state a claim."); Hutchinson v. Delaware Savings Bank FSB, 410 F. Supp. 2d 374, 383 (D. N.J. 2006) (on motion to dismiss finding that the plaintiffs had sufficiently pled actual damages resulting from RESPA violation where plaintiffs alleged inability to obtain financing was a result of defendant's negative reports to credit

reporting agencies). Here, there is no evidence on the record (i.e. a loan application, bank denial letter, etc.) supporting the plaintiffs' claim that they tried to refinance the mortgage but their application was denied as a result of GMAC's report to the credit agencies during the 60-day period following the December 2004 and February 2005 Letters. See In re Nosek, No. 02-46025-JBR, 2006 WL 1867096 (Bankr. D. Mass. 2006), supra. The Court notes that the plaintiffs were previously in bankruptcy and numerous other factors could have contributed to the plaintiffs' inability to refinance the mortgage.

## CONCLUSION

The plaintiffs have failed to produce sufficient evidence at this stage in the proceedings to support their claim that GMAC's failure to respond to the December 2004 and February 2005 Letters caused their alleged injuries. Based on the foregoing, it is

ORDERED AND ADJUDGED that GMAC is entitled to summary final judgment on the issue of statutory damages. The plaintiffs cannot show as a matter of law that GMAC engaged in a pattern or practice of noncompliance as required for statutory damages under section 2605(f) (1) (B) of RESPA. It is further

ORDERED AND ADJUDGED that GMAC is entitled to summary final judgment on the issue of actual damages because the plaintiffs have failed to submit competent evidence sufficient to overcome summary judgment. It is further

ORDERED AND ADJUDGED that a final judgment will be entered in favor of GMAC and against the plaintiffs in a separate order. It is further

ORDERED AND ADJUDGED that all pretrial hearings and deadlines including the February 9, 2009 trial are CANCELLED.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **28th** day of January, 2009.

_____

JOHN J. O'SULLIVAN

UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

All counsel of record

Copies mailed by Chambers to:


Virginia & Lascelles  George McLean

216 Shadow Way

Miami Springs, Florida 33166